## SLOAN & SCHWARTZ v. VAN WYCK.

*Conflict of Evidence—Submission to Jury.*

Where there is a conflict of evidence on an essential point, the case is properly submitted to the jury.

CLERKE, J.—The only question in this case is, was there conflicting evidence to go to the jury on the point alleging that the Plaintiffs took back the machine in discharge of the indebtedness of Van Wyck, incurred in the purchase of it. This Court decided, when the case was last here, that there was no conflicting evidence on this point; that from the Plaintiffs' own evidence, it was clear that they took back the machine in discharge of that indebtedness. Schwartz testifies that Van Wyck told him that Wood, the owner of the premises occupied by the Defendant, claimed to have a lien on the machine; that it would be sold for rent, and that the Plaintiffs had better take it away. Van Wyck told him to sell it. This would not be sufficient to exonerate the Defendant from liability for a deficiency on the sale, if there should be a deficiency. But the Defendant testifies that he never directed Schwartz to sell it. There was a conflict on what I consider an essential point. For, if the Plaintiffs resumed possession of the machine without any such direction from the Defendant, and without any qualification, the legal conclusion would be, as Judge Wright mentioned in his opinion—to wit, that the sale was rescinded.

Van Wyck testifies that when he spoke to Schwartz about taking the machine away, he told him he must not trouble him (Van Wyck) any further about it, and that Schwartz said he would be satisfied to do so. Sloan, the other Plaintiff, who was present on the occasion referred to, swears that Van Wyck did not say that they were not to trouble him again. Schwartz corroborated Sloan. I think in all this there was a plain conflict of evidence on an essential point—the release of the Defendant's lia-

Opinion by CLERKE, J.

bility by the redelivery of the machine to the Plaintiffs. Was this redelivery for the purpose of satisfying the debt due to the Plaintiffs, or was it merely for the purpose of selling it on an account, and applying the proceeds to its payment? This was fairly put to the jury.

I have assumed throughout that the Defendant was liable as purchaser of the machine, and that his substitution in the place of Hall & Green was tantamount to an original promise. This point is disposed of in Judge Wright's opinion. This Court reversed the judgment, and ordered a new trial, solely on the ground that there was not a particle of evidence to show that the machine was taken by the Plaintiffs, on the order of the Defendant, to enable them to sell it, and apply the fruits of the sale toward the discharge of the debt.

The judgment should be affirmed, with costs.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.